■ SAM NEEDLEMAN, Individually and as Guardian ad Litem of PHILIP NEEDLEMAN, an Infant, Respondent, v. PARION THEATRE CORPORATION et al., Appellants.— In a negligence action, the defendants appeal from an order of the Supreme Court, Queens County, dated May 4, 1960 (and entered June 3, 1960), which: (a) granted reargument of plaintiffs' motion to vacate defendants' notice of examination before trial; and (b) upon reargument, adhered to the original decision and granted plaintiffs' said motion. The notice of examination before trial was served by defendants after plaintiffs had placed the action on the calendar and filed the statement of readiness. The notice designated Kings County as the place of examination. Plaintiffs, however, reside in Queens County, and the action is pending in Queens County. Plaintiffs' bill of particulars was served less than a month prior to defendants' service of their notice of examination. A motion by defendants to strike the action from the calendar was denied. Order appealed from modified to the extent that plaintiffs' motion to vacate the defendants' notice of examination before trial is granted without prejudice to an application by defendants to examine plaintiffs before trial pursuant to paragraph (c) of subdivision (9) of the Statement of Readiness Rule. As so modified, order affirmed, without costs. After an action has been placed on the calendar in accordance with the Statement of Readiness Rule, an examination before trial may be had only by order of the court as provided in paragraph (c) of subdivision (9) of the rule. In any event, the notice of examination before trial which has been vacated, was defective because, in an action pending in a county within the City of New York, it required the appearance of a party in a county other than the county of his residence or the county where the action is pending (Civ. Prac. Act, § 300). Nolan, P. J., Beldock, Kleinfeld, Pette and Brennan, JJ., concur.